UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>THE MORTGAGE STORE, INC.,<br><br>         Debtor.<br>_____<br><br>DANE S. FIELD,<br><br>         Plaintiff,<br><br>   vs.<br><br>GEORGE W. LINDELL, et al.,<br><br>         Defendants. | Case No.: 10-03454<br>(Chapter 7)<br><br><br><br><br><br>Adv. Pro. No.: 10-90146<br><br><br><br><br>Re: Docket No. 94, 108 |

**<u>MEMORANDUM OF DECISION REGARDING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANT MANO-Y&M, LTD.'S COUNTERMOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

This motion requires me to determine whether a transfer from the debtor, The Mortgage Store, Inc. ("Debtor"), to defendant Mano-Y&M, Ltd. ("Mano"), was fraudulent and is recoverable by the plaintiff trustee. I conclude that the transfer was fraudulent under the Bankruptcy Code and the Hawaii Uniform Fraudulent Transfer Act, but that unresolved questions of fact preclude a finding

that the trustee may recover the transfer from Mano.

## FACTS

Defendant George W. Lindell was the sole shareholder and president of the Debtor from 1996 through 2008. In 2009, Mr. Lindell transferred ownership and management of the Debtor to his daughter, but retained control over the Debtor's finances. In the same year, Mr. Lindell agreed to purchase from Mano a property in Texas known as Raymondville Plaza. To pay the down payment on the property, Lindell caused the Debtor to transfer $311,065.25 of the Debtor's funds to Mano's attorney, Mark Freeland, on January 20, 2009. When the transaction was completed, Mr. Lindell became title holder of the property.

On November 12, 2010, the Debtor filed a voluntary petition for chapter 7 relief under the Bankruptcy Code and Dane S. Field was appointed trustee. The trustee engaged an independent expert accounting firm, KMH, LLP ("KMH"), to review the Debtor's financial records. KMH concluded that the Debtor was insolvent on or around June 30, 2007. It is clear from KMH's report that, beginning in 2006, the Debtor operated a Ponzi scheme.

The trustee commenced this adversary proceeding on December 3, 2010, alleging that the transfer to Mano on January 20, 2009, was fraudulent under the Bankruptcy Code and the Hawaii Uniform Fraudulent Transfer Act.

U.S. Bankruptcy Court - Hawaii   #10-90146   Dkt # 123   Filed 09/01/11   Page 2 of 7

STANDARD

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c), Fed. R. Bankr. P. 7056; see also Barboza v. New Form, Inc. (In re Barboza), 545 F.3d 702, 707 (9th Cir. 2008). In resolving a summary judgment motion, the court does not weigh evidence, but rather determines only whether a material factual dispute remains for trial. Covey v. Hollydale Mobilehome Estates, 116 F.3d 830, 834 (9th Cir. 1997). In making this determination, the court views the evidence in the light most favorable to the nonmoving party and draws all justifiable inferences in favor of the nonmoving party. McSherry v. City of Long Beach, 584 F.3d 1129, 1135 (9th Cir. 2009).

DISCUSSION

The trustee seeks partial summary judgment, alleging that the transfer to Mano was fraudulent under the Bankruptcy Code, 11 U.S.C. § 548(a)(1) (2006), and the Hawaii Uniform Fraudulent Transfer Act, Haw. Rev. Stat. § 651C-4(a) (2007). The trustee further contends that Mano is liable for the fraudulent transfer as initial transferee pursuant to 11 U.S.C. § 550(a)(1). Mano filed a countermotion for partial summary judgment, arguing that Mr. Lindell was the

3

initial transferee, Mano was the subsequent transferee, and that Mano has proven a good faith defense under 11 U.S.C. § 550(b)(1).

## Fraudulent Transfer

The trustee may avoid, under section 548 of the Bankruptcy Code, any transfer made within 2 years of the bankruptcy petition if the transfer was made with actual intent to hinder, delay or defraud creditors. 11 U.S.C. § 548(a)(1)(A). Similarly, the Hawaii Fraudulent Transfer Act and section 544(b) of the Bankruptcy Code permits the trustee to avoid "a transfer made or obligation incurred by a debtor [that] is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation ... with actual intent to hinder, delay, or defraud any creditor of the debtor ... ." Haw. Rev. Stat. § 651C-4(a)(1). Where, as here, the state statute is similar to the Bankruptcy Code, cases analyzing the Bankruptcy Code provisions are persuasive authority. In re AFI Holding, Inc., 525 F.3d 700, 703 (9th Cir. 2008).

The elements of a fraudulent transfer are satisfied. The trustee has proven and Mano does not dispute that the Debtor operated a Ponzi scheme at the time of the transfer. Dkt. no. 31, Plaintiff's Motion for Preliminary Injunction, Exhibit 12, pp.16-18. Evidence that the Debtor operated a Ponzi scheme proves fraudulent

4

intent.  See, e.g., Donell v. Kowell, 533 F.3d 762, 770 (9th Cir. 2008); In re AFI Holding, Inc., 525 F.3d at 704; In re Agricultural Research & Technology Group, Inc., 916 F.2d 528, 535-36 (9th Cir. 1990).  In such a scheme, it is sufficient for the trustee to allege fraudulent conveyances between certain years and for a total certain sum.  In re Thomas, 47 B.R. 27, 31 (Bankr. S.D. Cal. 1984).   The Debtor transferred to Mano the amount of $311,065.25 on January 20, 2009.  Dkt. no. 31, Plaintiff's Motion for Preliminary Injunction, Exhibit 26; dkt. no. 95, Exhibit B.  This transfer was made within the applicable limitations period and while the Debtor was operating a Ponzi scheme.  11 U.S.C. § 548(a)(1); Haw. Rev. Stat. § 651C-8(a).  The transfer is fraudulent under 11 U.S.C. § 548(a)(1) and Haw. Rev. Stat. § 651C-4(a).

## Transferee Liability

Section 550(a) of the Bankruptcy Code circumscribes the trustee's ability to recover the fraudulent transfer.  That section provides that "to the extent that a transfer is avoided under section 544 ... [or] 548 ..., the trustee may recover ... the property transferred, or ... the value of such property, from – (1) the initial transferee of such transfer; or (2) any immediate or mediate transferee of such initial transferee."  11 U.S.C. § 550(a).  If Mano is the initial transferee, it is strictly liable and the trustee may recover the fraudulent transfer.  In re Bullion

U.S. Bankruptcy Court - Hawaii   #10-90146   Dkt # 123   Filed 09/01/11   Page 5 of 7

Reserve of North America, 922 F.2d 544, 547 (9th Cir. 1991). If, however, Mano is a subsequent transferee, it is not liable it if proves that it took the transfer for value, in good faith, and without knowledge of the transfer's voidability. 11 U.S.C. § 550(b)(1).

Whether Mano is an initial or subsequent transferee depends upon Mr. Freeland's role in the transaction. If Mr. Freeland acted as an escrow agent for both parties, as Mano argues, then Mr. Lindell would be the initial transferee and Mano would be a subsequent transferee. If Mr. Freeland was Mano's agent, as the trustee contends, then Mano would be liable to return the transfers as the initial transferee.

The existence of an agency relationship generally involves questions of fact. Water Com'n of County of Hawai"i v. National American Ins. Co., 930 F.Supp. 1411, 1426 (D. Haw. 1996); see also In re Allen, 134 B.R. 373, 375 (B.A.P. 9th Cir. 1991) (applying Arizona law); In re Wingo, 89 B.R. 54, 59 n.7 (B.A.P. 9th Cir. 1988) (applying California law). Similarly, whether an individual is acting in the capacity of an escrow agent is also a question of fact.

There are genuine issues of disputed fact on the record as it exists. The trustee contends that Mr. Freeland held himself out as Mano's attorney and that the real estate sales contract listed Sierra Title Company as escrow agent and Mr.

6

Freeland as the seller's [Mano's] agent for the transaction. Dkt. no. 115, Exhibit G; Dkt. no. 95, Exhibit C, pp. 1, 3. Mano offers declarations of Mr. Freeland and Mr. Paulrajan Manoharan stating that Mr. Freeland acted as the settlement/escrow agent for both parties in the transaction, as set forth in section K of the sales contract. Dkt. no. 95, Exhibit C, pp. 10-13; dkt. no. 109, Decl. Mark Freeland, ¶¶ 7-8, 10, Decl. Paulrajan Manoharan, ¶ 8. The factual dispute concerning whether Mr. Freeland was an escrow agent for both parties or solely an agent for Mano precludes summary judgment on Mano's liability for the fraudulent transfer.

Mano's countermotion argues, not only that it is a subsequent transferee, but also that it took the transfer for value, in good faith, and without knowledge of the transfer's voidability. I will defer decision of that question because (1) the issue would be irrelevant if Mano is the initial transferee and (2) the trustee is conducting discovery on the issue.

\* \* \*

The plaintiff trustee's motion for partial summary judgment as to the fraudulent nature of the transfer is granted. The motion is denied as to Mano's liability for the fraudulent transfer. Mano's countermotion for partial summary judgment is denied.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 09/01/2011