KLEVANSKY PIPER, LLP
A Limited Liability Law Partnership

SIMON KLEVANSKY                    3217-0
ALIKA L. PIPER                     6949-0
NICOLE D. STUCKI                   9151-0
841 Bishop Street, Suite 1707
Honolulu, Hawaii 96813
Telephone:  (808) 536-0200
Facsimile:  (808) 237-5757
E-Mail:  sklevansky@kplawhawaii.com;
         apiper@kplawhawaii.com;
         nstucki@kplawhawaii.com

Attorneys for Trustee DANE S. FIELD

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>THE MORTGAGE STORE, INC.,<br><br>Debtor. | Case No. 10-03454<br>(Chapter 7) |
| DANE S. FIELD,<br><br>    Plaintiff,<br><br>    v.<br><br>GEORGE W. LINDELL; KAREN K. LINDELL; MANO-Y&M, LTD., a Texas limited partnership; HECTOR & ALICIA INVESTMENTS, LLC, a Texas limited liability company; HECTOR GUERRA;  JOHN DOES 1-50; JANE DOES 1-50; DOE | Adversary Proceeding No. 10-90146<br><br>~~PROPOSED~~ **FINDINGS OF FACT AND CONCLUSIONS OF LAW RESPECTING PROPOSED STIPULATED NON-DISCHARGEABLE JUDGMENT IN FAVOR OF PLAINTIFF DANE S. FIELD AND AGAINST DEFENDANT GEORGE W. LINDELL; EXHIBITS "1" and "2"** |

~4157442.doc

43

PARTNERSHIPS 1-50; DOE
CORPORATIONS 1-50; DOE
ENTITIES 1-50; and DOE
GOVERNMENTAL ENTITIES 1-50,

Defendants.

## ~~PROPOSED~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW RESPECTING PROPOSED STIPULATED NON-DISCHARGEABLE JUDGMENT IN FAVOR OF PLAINTIFF DANE S. FIELD AND AGAINST DEFENDANT GEORGE W. LINDELL

On September 20, 2011, Dane S. Field, Trustee for the Debtor, The Mortgage Store, Inc. ("The Mortgage Store"), and Plaintiff in the instant adversary proceeding, filed Trustee's Motion to Approve Settlement Agreement With George Lindell, Karen Lindell, Holly Hoaeae and Kamakana Hoaeae (the "Motion to Approve Settlement Agreement") in the underlying bankruptcy action. A copy of the Settlement Agreement is attached hereto as Exhibit "1". This motion came on for hearing on October 19, 2011, before the Honorable Robert J. Faris, United States Bankruptcy Judge. Simon Klevansky, Esq., appeared on behalf of the Trustee Dane S. Field, who was also in attendance. James Wagner, Esq., appeared on behalf of George William Lindell, Karen Kesseler Lindell, Holly Hoaeae and Kamakana Hoaeae. Creditors of The Mortgage Store were given notice of the hearing on the Motion. No opposition to the Motion was made.

U.S. Bankruptcy Court - Hawaii   #10-90146   Dkt # 127   Filed  10/31/11   Page 2 of 43

The Settlement Agreement contemplates entry of a proposed Stipulated Non-Dischargeable Judgment in Favor of Plaintiff Dane S. Field and Against Defendant George W. Lindell (the "Stipulated Non-Dischargeable Judgment").[1] See Stipulated Non-Dischargeable Judgment, which is Exhibit "A" to the Settlement Agreement, and is attached hereto as Exhibit "2". Plaintiff has requested that the Stipulated Non-Dischargeable Judgment be entered by the United States District Court, in order to avoid any uncertainties in enforcement which might arise under Stern v. Marshall, 131 S. Ct. 2594 (2011); and Defendant George Lindell does not oppose this procedure. Good cause appearing therefore, and pursuant to 28 U.S.C. § 157(c), the Court submits these Proposed Findings of Fact and Conclusions of Law, and the proposed Stipulated Non-Dischargeable Judgment, to the United States District Court for the District of Hawaii for entry of a final judgment in this case.

## FINDINGS OF FACT

The Court has considered the Motion to Approve Settlement Agreement, the memorandum in support of the motion, the exhibit and declaration filed therewith, and has heard the arguments of counsel at the hearing, and finds as follows:

---

[1] It also incorporates and relies upon a similar proposed Stipulated Non-Dischargeable Judgment as to Holly Hoaeae, a defendant in a related adversary proceeding.

U.S. Bankruptcy Court - Hawaii  #10-90146  Dkt # 127  Filed  10/31/11  Page 3 of 43

1.     Plaintiff filed suit against Defendant George W. Lindell ("Defendant Lindell"), among others, alleging a variety of claims, including fraud.

2.     Plaintiff and Defendant Lindell have agreed to settle these claims.

3.     Pursuant to the Settlement Agreement, a copy of which is attached hereto as Exhibit "1", Defendant Lindell has agreed to entry of judgment against him, in substantially the form set forth in the Stipulated Non-Dischargeable Judgment, a copy of which is attached hereto as Exhibit "2".

4.     Defendant Lindell has been represented by experienced, capable counsel at all stages of this litigation, and has determined that, in consideration of the benefits to be gained by the Settlement Agreement, he is prepared to have the proposed Stipulated Non-Dischargeable Judgment entered against him.

5.     The Settlement Agreement was considered by the Court in <u>In re The Mortgage Store, Inc.</u>, Bankr. Case No. 10-03454, and notice was properly given.  No objections were made; and the Court has approved the Settlement Agreement.

## CONCLUSIONS OF LAW

1.      The parties are entitled to implementation of the Settlement Agreement, including entry of the Stipulated Non-Dischargeable Judgment.

2.      The Stipulated Non-Dischargeable Judgment, in the form agreed to by the parties, shall be entered.

3.      The Settlement Agreement negotiated by the parties in the instant case satisfies the legal standard of being fair and equitable, under the criteria set forth in <u>In re Woodson</u>, 839 F.2d 610, 620 (9th Cir. 1988).


*[signature]*                    OCT 3 1 2011

_____
**United States Bankruptcy Judge**


APPROVED AS TO FORM:


/s/  James A. Wagner
JAMES A. WAGNER
Attorney for Defendants
George W. Lindell and
Karen K. Lindell

_____
<u>Dane S. Field v. George W. Lindell, et al.</u>, Adversary Proceeding No. 10-90146, United States Bankruptcy Court, District of Hawaii; PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RESPECTING PROPOSED STIPULATED NON-DISCHARGEABLE JUDGMENT IN FAVOR OF PLAINITFF DANE S. FIELD AND AGAINST DEFENDANT GEORGE W. LINDELL

U.S. Bankruptcy Court - Hawaii  #10-90146  Dkt # 127  Filed  10/31/11  Page 5 of 43

# EXHIBIT "1"

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (the "Agreement"), is made this _____ day of _____, 2011, by and between DANE S. FIELD (the "Trustee"), bankruptcy trustee in the bankruptcy proceeding entitled In re The Mortgage Store, Inc., Bk. No. 10-03454, United States Bankruptcy Court for the District of Hawaii, whose address is c/o Klevansky Piper, LLP, 841 Bishop Street, Suite 1707, Honolulu, Hawaii 96813, and GEORGE WILLIAM LINDELL ("George Lindell"), KAREN KESSELER LINDELL ("Karen Lindell"), HOLLY HOAEAE ("Holly Hoaeae") and KAMAKANA HOAEAE ("Kamakana Hoaeae"), whose address is c/o Wagner Choi & Verbrugge, 745 Fort Street, Suite 1900, Honolulu, Hawaii 96813.

## RECITALS

A.     George Lindell and Karen Lindell, husband and wife, are the current owners of that certain real property located at 122 Pua Niu Way, Apt. "B", Lahaina, Maui, Hawaii, identified by Tax Map Key No. (2) 4-7-009-079-0002 (the "Residential Property"). George Lindell and Karen Lindell have represented to the Trustee that the Residential Property is listed for sale.

B.     George Lindell and Karen Lindell each owned an undivided ¼ interest in that certain unimproved real property located at Haniu Way and described as Lot 6 Makila Plantation 1, Lahaina, Maui Hawaii, identified by Tax Map Key No. (2) 4-7-011-006 (the "Investment Property").

C.     George Lindell has represented that he holds title to a 2002 Ford F-250 Truck (the "Truck"), which the Trustee contends was purchased with funds of The Mortgage Store, Inc.

D.     George Lindell has represented that he has a 50% interest in Mid-Pacific Resource LLC, a Hawaii limited liability company ("Mid-Pacific Resource").

E.     George Lindell has also represented that he has a 50% interest in Mid-Pacific Contractors, LLC, a Hawaii limited liability company ("Mid-Pacific Contractors LLC").

F.     From 1996 through 2008, George Lindell was the president and sole shareholder of The Mortgage Store, Inc. (the "Debtor").

G.     On or about December 31, 2008, George Lindell transferred his interest and ownership in the Debtor to Holly Hoaeae, pursuant to a "Sale of Stock and Employment Agreement".

H.     On November 12, 2010, the Debtor filed for Chapter 7 bankruptcy commencing the proceeding In re The Mortgage Store, Inc., Bk. No. 10-03454, in the United States Bankruptcy Court for the District of Hawaii (the "Bankruptcy Court").

## EXHIBIT "1"

U.S. Bankruptcy Court - Hawaii  #10-90146  Dkt # 127  Filed 10/31/11  Page 7 of 43

I.     The Trustee was duly appointed as bankruptcy trustee of the Debtor's bankruptcy estate.

J.     The Trustee contends that George Lindell and Holly Hoaeae, among other things, fraudulently transferred monies from the Debtor to, or for the benefit of, themselves and their spouses. For the purposes of this Agreement and any subsequent bankruptcy filings by George Lindell and Holly Hoaeae, George Lindell and Holly Hoaeae do not dispute that such transfers were made and were fraudulent.

K.     On December 3, 2010, the Trustee filed a Complaint against George Lindell, his wife Karen Lindell, and others, commencing the adversary proceeding entitled <u>Dane S. Field v. George W. Lindell, et al.</u>, Adv. Pro. No. 10-90146 ("Lindell Adversary Proceeding"). In the Complaint, the Trustee, among other things, alleged claims against George Lindell and/or Karen Lindell (collectively the "Lindell Claims") for the following:

    a.    Count I – Fraudulent transfers under 11 U.S.C. § 548(a) (Lindell Payments);

    b.    Count II – Fraudulent transfers under Haw.Rev.Stat. § 651C-4 and 11 U.S.C. § 544(b) (Lindell Payments);

    c.    Count III – Civil Conspiracy;

    d.    Count IV – Fraudulent transfers under 11 U.S.C. § 548(a) (Transfers Regarding Raymondville Plaza);

    e.    Count V – Fraudulent transfers under Haw.Rev.Stat. § 651C-4 and 11 U.S.C. § 544(b) (Transfers Regarding Raymondville Plaza);

    f.    Count VI – Fraudulent transfers under 11 U.S.C. § 548(a) (Transfers Regarding Apartment Complexes);

    g.    Count VII – Fraudulent transfers under Haw.Rev.Stat. §651C-4 and 11 U.S.C. § 544(b) (Transfers Regarding Apartment Complexes);

    h.    Count VIII – Breach of Fiduciary Duties;

    i.    Count IX – Fraud and Defalcation;

    j.    Count X – Unjust Enrichment;

    k.    Count XI – Monies Had and Received; and

    l.    Count XII – Punitive Damages

L.     On March 30, 2011, the Trustee filed a Complaint against Holly Hoaeae and her husband Kamakana Hoaeae commencing the adversary proceeding entitled <u>Dane S. Field v. Holly L. Hoaeae, et al.</u>, Adv. Pro. No. 11-90028 ("Hoaeae Adversary Proceeding"). In the Complaint, the Trustee, among other things, alleged claims against Holly Hoaeae and/or Kamakana Hoaeae (collectively the "Hoaeae Claims") for the following:

    a.    Count I – Fraudulent transfers under 11 U.S.C. § 548(a) (Hoaeae Payments);

    b.    Count II – Fraudulent transfers under Haw.Rev.Stat. §651C-4 and 11 U.S.C. § 544(b) (Hoaeae Payments);

U.S. Bankruptcy Court - Hawaii  #10-90146  Dkt # 127  Filed 10/31/11  Page 8 of 43

c.     Count III – Fraudulent transfers under Haw.Rev.Stat. §651C-5(a) and 11 U.S.C. § 544(b) (Hoaeae Payments);

d.     Count IV – Fraudulent transfers under Haw.Rev.Stat. §651C-5(b) and 11 U.S.C. § 544(b) (Hoaeae Payments);

e.     Count V – Breach of Fiduciary Duty;

f.     Count VI – Fraud and Defalcation;

g.     Count VII – Unjust Enrichment;

h.     Count VIII – Monies Had and Received; and

i.     Count IX – Punitive Damages

M.     The parties have determined it is in their respective best interests to settle the Lindell Claims and Hoaeae Claims, pursuant to the terms set forth herein, subject to approval by the Bankruptcy Court.

NOW THEREFORE, for and in consideration of good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties agree as follows:

## JUDGMENTS AGAINST GEORGE LINDELL AND HOLLY HOAEAE

1.     **George Lindell Stipulated Judgment ($5M).** George Lindell will execute that certain Stipulated Judgment (the "Lindell Judgment"), substantially in the form attached hereto as Exhibit "A", in which George Lindell will stipulate to a non-dischargeable judgment in the amount of $5,000,000. The Trustee shall be entitled to immediately record the Lindell Judgment and execute upon the Lindell Judgment.

2.     **Holly Hoaeae Stipulated Judgment ($1M).** Holly Hoaeae will execute that certain Stipulated Judgment (the "Hoaeae Judgment"), substantially in the form attached hereto as Exhibit "B", in which Holly Hoaeae will stipulate to a non-dischargeable judgment in the amount of $1,000,000. The Trustee shall be entitled to immediately record the Hoaeae Judgment and execute upon the Hoaeae Judgment.

## LIQUIDATION OF ASSETS/APPLICATION TO JUDGMENTS

3.     **Sale of Residential Property/Conveyance of Residential Property.** George Lindell and Karen Lindell shall continue to market and list for sale the Residential Property. Any sale of the Residential Property shall be subject to the written approval of the Trustee. If a sale of the Residential Property closes prior to date of the entry of an order approving this Settlement Agreement, the proceeds from the sale of the Residential Property, after the payment of all liens, mortgages, encumbrances, costs of sale, and commissions have been paid (the "Residential Property Proceeds"), shall be disbursed to the law firm of Klevansky Piper, LLP, as counsel for the Trustee, and held in that law firm's client's trust account, until the Bankruptcy Court enters an order approving this Settlement Agreement, at which time, it shall thereafter be disbursed to the Trustee. If a sale of the Residential Property does not close prior to the date of the entry of an order approving this Settlement Agreement, George Lindell and Karen

U.S. Bankruptcy Court - Hawaii   #10-90146   Dkt # 127   Filed 10/31/11   Page 9 of 43

Lindell shall execute that certain Warranty Deed, in substantially the form attached hereto as Exhibit "C", conveying the Residential Property to the Trustee.

4. **Rental Income from Residential Property.** Within two (2) business days of execution of this Settlement Agreement, George Lindell shall transfer to the Trustee's counsel, Klevansky Piper, LLP (to be held in that law firm's client's trust account until Bankruptcy Court approval of this Settlement Agreement) all proceeds from the rental of the Residential Property, from and after June 1, 2011, less only amounts (i) paid to Bank of Hawaii upon obligations secured by mortgages upon the Residential Property, and (ii) expenses for maintenance of the Residential Property to which the Trustee has heretofore consented.

5. **Sale of Investment Property.** With the Trustee's approval, George Lindell and Karen Lindell have listed and sold the Investment Property. The proceeds from the sale of the Investment Property, after the payment of all liens, mortgages, encumbrances, costs of sale, and commissions have been paid (the "Investment Property Proceeds"), were disbursed to the law firm of Klevansky Piper, LLP, as counsel for the Trustee, and are being held in that law firm's client's trust account, until the Bankruptcy Court enters an order approving this Settlement Agreement, at which time, it shall thereafter be disbursed to the Trustee.

6. **Mortgage on Investment Property.** George Lindell and Karen Lindell hereby represent that on or about January 19, 2011, they received the sum of $150,000 pursuant to a loan made by Shirley Johnson and that said loan is secured by that certain Mortgage dated January 19, 2011 (the "Johnson Mortgage"), and recorded on January 24, 2011 in the Bureau of Conveyances of the State of Hawaii as Document No. 2011-013739, establishing a mortgage lien on the Investment Property. The Trustee relying on this representation agrees that he will not challenge the Johnson Mortgage.

7. **Liquidation and Turnover of Amounts in Bank Accounts.** Within five (5) business days after the Bankruptcy Court enters an Order Approving the Settlement Agreement, George Lindell and Karen Lindell shall liquidate the amounts in the following bank accounts and turn over to the Trustee all funds in these accounts:

- Bank of Hawaii – Account No. 0001060112
- Bank of Hawaii – Account No.0006643876
- Bank of Hawaii – Account No. 0007032323
- Wells Fargo Bank, N.A. – Account No. 7782030089
- Wells Fargo Bank, N.A. – Account No. 6861143151
- Wells Fargo Bank, N.A. – Account No. 9474305654
- Compass Bank – Account No. 2513916879
- Any other accounts in which George Lindell and/or Karen Lindell has, as of May 31, 2011, had signature authority, except for that certain Bank of Hawaii – Account No. 0005026296 (in which Karen Lindell has an interest)

U.S. Bankruptcy Court - Hawaii  #10-90146  Dkt # 127  Filed 10/31/11  Page 10 of 43

Copies of bank statements for the period January 1, 2007 through the time of the liquidation shall be turned over to the Trustee concurrently with the proceeds from the accounts.

8. **Payment for Truck**. Within five (5) business days after the Bankruptcy Court enters an Order Approving the Settlement Agreement, George Lindell shall pay to the Trustee the sum of $7,775 for the 2002 Ford F250 truck, which amount represents the Kelly Blue Book value for a private-party sale as of May 26, 2011 for the truck in "good" condition.

9. **Assignment of Interests in Mid-Pacific Resource**. Within five (5) business days after the Bankruptcy Court enters an Order Approving the Settlement Agreement, George Lindell and the Trustee shall enter into an Assignment and Bill of Sale, in substantially the form attached hereto as Exhibit "D", pursuant to which George Lindell shall assign his interest in Mid-Pacific Resource to the Trustee.

10. **Assignment of Interests in Mid-Pacific Contractors**. Within five (5) business days after the Bankruptcy Court enters an Order Approving the Settlement Agreement, George Lindell and the Trustee shall enter into an Assignment and Bill of Sale, in substantially the form attached hereto as Exhibit "E", pursuant to which George Lindell shall assign his interest in Mid-Pacific Contractors to the Trustee.

11. **Transfer to the Trustee of Other Assets (George and Karen Lindell)**. George and Karen Lindell shall transfer, convey, and surrender all other real and personal property, financial assets, accounts, claims and choses in action, whether current or contingent, and other assets and interests in the same, belonging to each of them or both of them, to the Trustee, subject only to those assets retained by George and Karen Lindell under the below paragraph 17.

12. **Transfer to the Trustee of Other Assets (Holly and Kamakana Hoaeae)**. Holly and Kamakana Hoaeae shall transfer, convey, and surrender all other real and personal property, financial assets, accounts, claims and choses in action, whether current or contingent, and other assets and interests in the same, belonging to each of them or both of them, to the Trustee, subject only to those assets retained by Holly and Kamakana Hoaeae under the below paragraph 18.

13. **Credit to Lindell Judgment**. The net proceeds received by the Trustee from the liquidation of Lindell's assets described above after payment of all liens and encumbrances, and fees and costs of liquidation, shall be credited towards the Lindell Judgment.

14. **Credit to Hoaeae Judgment**. The net proceeds received by the Trustee from the liquidation of Hoaeae's assets described above, after payment of all liens and encumbrances, and fees and costs of liquidation, shall be credited towards the Hoaeae Judgment.

U.S. Bankruptcy Court - Hawaii  #10-90146  Dkt # 127  Filed 10/31/11  Page 11 of 43

## DISCLOSURE OF FINANCIAL INFORMATION

15. **Financial Records/Tax Returns.** All financial records and tax returns of George Lindell, Karen Lindell, Holly Hoaeae and Kamakana Hoaeae from January 1, 2007 to the present shall be turned over to the Trustee, or made available for inspection in Honolulu, Hawaii, and copying by the Trustee.

16. **Bankruptcy Schedules and Statements of Financial Affairs.** George Lindell and Karen Lindell (the "Lindells"), and Holly Hoaeae and Kamakana Hoaeae (the "Hoaeaes") shall each complete a set of Bankruptcy Schedules and a Statement of Financial Affairs (extending back to January 1, 2006), and shall complete a declaration testifying under penalty of perjury that the information set forth in the Bankruptcy Schedules and Statement of Financial Affairs is accurate. These Schedules, Statements, and Declarations in the form and content set forth in the attached Exhibits "F" and "G", respectively, shall be furnished to the Trustee at the time of the execution of this Settlement Agreement.

## RETENTION OF ASSETS BY LINDELL AND KAMAKANA PARTIES

17. **Retention of Assets by George and Karen Lindell.** The only assets to be retained by George and Karen Lindell are (i) personal and household effects not to exceed $20,000 in aggregate value, as set forth in Exhibit "H" attached hereto, and (ii) retirement accounts, not including deposits made from and after June 30, 2007.

18. **Retention of Assets by Holly and Kamakana Hoaeae.** The only assets to be retained by Holly and Kamakana Hoaeae are personal and household effects, not to exceed $15,000 in aggregate value, as set forth in Exhibit "I" attached hereto.

## RELEASES/WAIVER OF RIGHTS/DISMISSALS OF ACTIONS

19. **Release by Lindells.** George Lindell and Karen Lindell, and each of them, do hereby fully, completely, and forever release and discharge all claims, rights and causes of action of any kind, which either or both of them have or may have, whether known or unknown, contingent or fixed, liquidated or unliquidated, matured or unmatured, whether based on federal or state law, or the law of another jurisdiction, and whether based on a theory of tort, contract, statute, or any other legal theory against the Trustee, the Debtor, and the bankruptcy estate of the Debtor.

20. **Waiver of Rights Regarding Tenancy by the Entireties Property by Lindells.** George Lindell and Karen Lindell, and each of them, do hereby waive and fully and completely release and discharge any right or claim, as against the Trustee, that any property nominally held by George Lindell or Karen Lindell is held as tenants by the entireties and may therefore be exempt from any claim of the Trustee.

U.S. Bankruptcy Court - Hawaii  #10-90146  Dkt # 127  Filed 10/31/11  Page 12 of 43

21.    **Release by Hoaeaes.** Holly Hoaeae and Kamakana Hoaeae, and each of them, do hereby fully, completely, and forever release and discharge all claims, rights and causes of action of any kind, which either or both of them have or may have, whether known or unknown, contingent or fixed, liquidated or unliquidated, matured or unmatured, whether based on federal or state law, or the law of another jurisdiction, and whether based on a theory of tort, contract, statute, or any other legal theory against the Trustee, the Debtor, and the bankruptcy estate of the Debtor.

22.    **Waiver of Rights Regarding Tenancy by the Entireties Property by Hoaeaes.** Holly Hoaeae and Kamakana Hoaeae, and each of them, do hereby waive and fully and completely release and discharge any right or claim, as against the Trustee, that any property nominally held by Holly Hoaeae and Kamakana Hoaeae is held as tenants by the entireties and may therefore be exempt from any claim of the Trustee.

23.    **Dismissal of Claims against George and Karen Lindell.** Within five (5) business days after the Bankruptcy Court enters an Order Approving the Settlement Agreement, and George Lindell and Karen Lindell have conveyed the real property, personal property, and monies to the Trustee as set forth in this Settlement Agreement, the Trustee and George Lindell and Karen Lindell shall enter into a Stipulation to Dismiss Claims, in substantially the form attached hereto as Exhibit "J", pursuant to which the Trustee shall dismiss with prejudice the claims filed against Karen Lindell in the Lindell Adversary Proceeding and shall dismiss without prejudice the claims filed against George Lindell in the Lindell Adversary Proceeding, and not heretofore or hereunder reduced to judgment. The Stipulation to Dismiss Claims shall not diminish or affect, in any way, the claims against the remaining parties in the Lindell Adversary Proceeding, or any other persons or entities, all of which claims are specifically reserved.

24.    **Dismissal of Claims against Holly and Kamakana Hoaeae.** Within five (5) business days after the Bankruptcy Court enters an Order Approving the Settlement Agreement, and Holly Hoaeae and Kamakana Hoaeae have conveyed the personal property to the Trustee as set forth in this Settlement Agreement, the Trustee and Holly Hoaeae and Kamakana Hoaeae shall enter into a Stipulation to Dismiss Claims, in substantially the form attached hereto as Exhibit "K", pursuant to which the Trustee shall dismiss with prejudice the claims filed against Kamakana Hoaeae in the Hoaeae Adversary Proceeding and shall dismiss without prejudice the claims filed against Holly Hoaeae in the Hoaeae Adversary Proceeding, and not heretofore or hereunder reduced to judgment. The Stipulation to Dismiss Claims shall not diminish or affect, in any way, the claims against the remaining parties in the Hoaeae Adversary Proceeding, or any other persons or entities, all of which claims are specifically reserved.

25.    **Effect of Efforts by George or Karen Lindell to Avoid Transfers in Settlement.** Any dismissals or releases in favor of George Lindell or Karen Lindell, shall be effective upon a date 366 days following the last conveyance of property to the Trustee under this Agreement, without the dismissed or released party having first been the subject of a personal bankruptcy proceeding, and, in the event of such a bankruptcy, shall only be effective upon expiration of the last date upon which a proceeding may be filed to avoid the effect of such

U.S. Bankruptcy Court - Hawaii  #10-90146  Dkt # 127  Filed 10/31/11  Page 13 of 43

conveyance without such an avoidance proceeding having been filed. In the event claims against such persons have first been dismissed for administrative purposes, they shall be reinstated, or re-filed, and the dismissed or released parties waive any defense of res judicata, collateral estoppel, statute of limitation, laches, or any other defense or doctrine of like import.

26. **Effect of Efforts by Holly or Kamakana Hoaeae to Avoid Transfers in Settlement.** Any dismissals or releases in favor of Holly Hoaeae or Kamakana Hoaeae, shall be effective upon a date 91 days following the last conveyance of property to the Trustee under this Agreement, without the dismissed or released party having first been the subject of a personal bankruptcy proceeding, and, in the event of such a bankruptcy, shall only be effective upon expiration of the last date upon which a proceeding may be filed to avoid the effect of such conveyance without such an avoidance proceeding having been filed. In the event claims against such persons have first been dismissed for administrative purposes, they shall be reinstated, or re-filed, and the dismissed or released parties waive any defense of res judicata, collateral estoppel, statute of limitation, laches, or any other defense or doctrine of like import.

## MISCELLANEOUS

27. **Court Approval and Binding Effect.** This Agreement is subject to and shall not become effective until and unless it is executed by all parties and approved by their respective counsel, and a final unstayed order is entered by the Bankruptcy Court approving all of the terms and conditions set forth in this Agreement.

28. **No Benefit to Third Parties.** The parties agree that this Agreement is made for the benefit of the parties alone to the extent and in the manner expressly set forth herein, and, accordingly, no third party shall be benefitted by this Agreement, and no party to this Agreement does or shall be deemed to release or diminish its claims against third parties by reason of this Agreement, all of which rights are expressly reserved.

29. **Good Faith Settlement Determination.** The Trustee, George Lindell, Karen Lindell, Holly Hoaeae and Kamakana Hoaeae agree that a condition of this Agreement is that the parties obtain approval of this settlement as a "good faith settlement" pursuant to Hawaii's Uniform Contribution Among Tortfeasor Act, and specifically Haw. Rev. Stat. §663-15.5.

30. **Proposed Settlement Based on Assumption of Full Disclosure.** The terms of the proposed Settlement, as set forth herein, are based on the assumption that George Lindell, Karen Lindell, Holly Hoaeae and Kamakana Hoaeae have heretofore disclosed all assets to the Trustee. In the event it is discovered that any of these parties has an interest in, or owns, any additional asset, or has conveyed to another an asset not disclosed to the Trustee, with a value in excess of $1,000, or with an aggregate value of all such assets in excess of $5,000, such asset(s) shall be immediately turned over to the Trustee and liquidated, or the Trustee shall have a right to such recovery of the asset(s). The proceeds from the liquidation of such assets shall not be credited, as otherwise applicable, towards the Lindell Judgment or the Hoaeae Judgment. Further, in the event there has been a failure of disclosure by the Lindells or any of them the

U.S. Bankruptcy Court - Hawaii  #10-90146  Dkt # 127  Filed 10/31/11  Page 14 of 43

claims dismissed as against George Lindell and Karen Lindell shall then be reinstated, and the parties waive any defense of res judicata, collateral estoppel, statute of limitations, laches, or any other defense or doctrine of like import, and in the event there has been a failure of disclosure by the Hoaeaes or any of them the claims dismissed as against Holly Hoaeae and Kamakana Hoaeae shall then be reinstated, and the parties waive any defense of res judicata, collateral estoppel, statute of limitations, laches, or any other defense or doctrine of like import.

31. **Further Assurances**. The parties agree to do such acts as are necessary to carry out the terms and provisions of this Agreement.

32. **Attorneys' Fees**. Each party shall bear its own costs, expenses, and fees, including attorneys' fees, incurred by each of them regarding this matter up to and including this Agreement. In the event of litigation concerning this Agreement, the losing party shall pay the reasonable attorneys' fees and costs of the prevailing party.

33. **Amendments**. This Agreement shall not be altered, amended, modified, or otherwise changed, in any respect or particular whatsoever, except by writing duly executed by the parties hereto. The parties hereby acknowledge and agree that they will make no claim at any time that this Agreement has been orally altered or modified in any respect whatsoever. This Agreement constitutes a single integrated written contract, expresses the entire agreement among the parties hereto, and supersedes all prior oral and written agreements, representations, negotiations, and correspondence with respect to the matters addressed herein.

34. **Construction**. The parties have participated jointly in the negotiation and drafting of this Agreement. In the event an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by the parties and no presumption or burden of proof shall arise favoring or disfavoring any party by virtue of the authorship of any of the provisions of this Agreement.

35. **No Representations**. None of the parties herein, nor anyone acting on their behalf, has relied on any representations, statements, or opinions of any other party or their representatives in entering into and executing this Agreement, other than as expressly set forth herein, provided, however, that the Trustee has relied upon the representations and statements required to be produced by this Agreement, including but not limited to those Bankruptcy Schedules and Statements of Financial Affairs of George Lindell, Karen Lindell, Holly Hoaeae and Kamakana Hoaeae, provided to the Trustee as set forth in paragraphs 15 and 29, and upon the representations and statements being false the releases given herein by the Trustee shall be void and of no force and effect. The parties to this Agreement acknowledge that the terms of this Agreement have been negotiated at arms' length with the advice of independent legal counsel.

36. **Capacity**. Each of the parties herein represents, warrants, and covenants that each person executing this Agreement in a representative capacity is duly authorized to do so. Each person executing this Agreement in a representative capacity represents and warrants that he or she is duly authorized to do so.

U.S. Bankruptcy Court - Hawaii #10-90146 Dkt # 127 Filed 10/31/11 Page 15 of 43

37. **Headings**. The descriptive headings of the several sections of this Agreement are inserted for the convenience of reference only and do not constitute a part of this Agreement.

38. **Successors and Assigns**. This Agreement shall inure to the benefit of, and be binding upon, the parties and their respective agents, legal representatives, predecessors, successors, and assigns.

39. **Counterparts and Facsimile Signature**. This Agreement may be executed in counterparts, each of which shall, for all purposes, be deemed to be an original and all of which shall constitute but one and the same Agreement. Further, the parties agree that when this Agreement is executed by any party, a facsimile or electronic copy of that party's signature shall be deemed to be an original signature for any and all purposes.

40. **Governing Law**. This Agreement shall in all respects be interpreted, enforced and governed under the laws of the State of Hawaii (except insofar as it is subject to and governed by provisions of the United States Bankruptcy Code).

41. **Jurisdiction and Venue**. Any controversies regarding this Agreement shall be resolved in the Bankruptcy Court. Any action related to, based upon, or arising from a breach of this Agreement shall be brought only in the Bankruptcy Court, which shall retain jurisdiction over the subject matter and parties for this purpose.

IN WITNESS THEREOF, the parties have executed this Agreement as of the day and year first above written.

---

DANE S. FIELD
Bankruptcy Trustee of the Estate of
The Mortgage Store, Inc.

APPROVED AS TO FORM

---

SIMON KLEVANSKY
ALIKA L. PIPER
Attorneys for Dane S. Field, Trustee

---

GEORGE WILLIAM LINDELL

U.S. Bankruptcy Court - Hawaii  #10-90146  Dkt # 127  Filed 10/31/11  Page 16 of 43

_____

KAREN KESSELER LINDELL


_____

HOLLY HOAEAE


_____

KAMAKANA HOAEAE


APPROVED AS TO FORM


_____
JAMES A. WAGNER
Attorney for George Lindell, Karen Lindell,
Holly Hoaeae, and Kamakana Hoaeae

U.S. Bankruptcy Court - Hawaii   #10-90146   Dkt # 127   Filed  10/31/11   Page 17 of 43

## **EXHIBIT LIST**

A – Stipulated Non-Dischargeable Judgment Against George Lindell ($5M)

B – Stipulated Non-Dischargeable Judgment Against Holly Hoaeae ($1M)

C – Limited Warranty Deed (Residential Property)

D – Assignment and Bill of Sale (Mid-Pacific Resource, LLC)

E – Assignment and Bill of Sale (Mid-Pacific Contractors, LLC)

F – Bankruptcy Schedules, Statement of Financial Affairs (George and Karen Lindell)

G –Bankruptcy Schedules, Statement of Financial Affairs (Holly and Kamakana Hoaeae)

H–List of Personal and Household Effects Retained by George and Karen Lindell

I- List of Personal and Household Effects Retained by Holly and Kamakana Hoaeae

J- Stipulation to Dismiss Claims against George and Karen Lindell

K–Stipulation to Dismiss Claims against Holly and Kamakana Hoaeae

U.S. Bankruptcy Court - Hawaii  #10-90146  Dkt # 127  Filed  10/31/11  Page 18 of 43

# EXHIBIT "A"

Stipulated Non-Dischargeable Judgment in Favor of Plaintiff Dane S. Field and Against Defendant George W. Lindell

31356.doc

KLEVANSKY PIPER, LLP
A Limited Liability Law Partnership

SIMON KLEVANSKY          3217-0
ALIKA L. PIPER           6949-0
NICOLE D. STUCKI         9151-0
841 Bishop Street, Suite 1707
Honolulu, Hawaii 96813
Telephone:  (808) 536-0200
Facsimile:   (808) 237-5757
E-Mail:  sklevansky@kplawhawaii.com;
         apiper@kplawhawaii.com;
         nstucki@kplawhawaii.com

Attorneys for Trustee DANE S. FIELD

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>THE MORTGAGE STORE, INC.,<br><br>Debtor. | Case No. 10-03454<br>(Chapter 7) |
| DANE S. FIELD,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE W. LINDELL; KAREN K. LINDELL; MANO-Y&M, LTD., a Texas limited partnership; HECTOR & ALICIA INVESTMENTS, LLC, a Texas limited liability company; HECTOR GUERRA;  JOHN DOES 1-50; JANE DOES 1-50; DOE | Adversary Proceeding No. 10-90146<br><br>**STIPULATED NON-DISCHARGEABLE JUDGMENT IN FAVOR OF PLAINTIFF DANE S. FIELD AND AGAINST DEFENDANT GEORGE W. LINDELL**<br><br>Related Docket No.: 62 |

30810_2.doc

PARTNERSHIPS 1-50; DOE
CORPORATIONS 1-50; DOE
ENTITIES 1-50; and DOE
GOVERNMENTAL ENTITIES 1-50,

    Defendants.

## STIPULATED NON-DISCHARGEABLE JUDGMENT IN FAVOR OF PLAINTIFF DANE S. FIELD AND AGAINST DEFENDANT GEORGE W. LINDELL

Pursuant to the Stipulation below of Defendant George W. Lindell ("George Lindell"), the Court finds and concludes that:

  1. While George Lindell was in control of the Mortgage Store, Inc. (the "Mortgage Store"), George Lindell regularly caused the Mortgage Store to transfer funds of the Mortgage Store to or for the benefit of George Lindell and members of his family.

  2. These transfers were made with an actual intent to hinder, delay or defraud creditors of the Mortgage Store.

  3. As a result, George Lindell incurred debt to the Mortgage Store and its creditors by fraud and/or defalcation, while George Lindell was acting in a fiduciary capacity with respect to the Mortgage Store.

  4. The transfers resulted in damages to the Mortgage Store in excess of $5,000,000.

U.S. Bankruptcy Court - Hawaii  #10-90146  Dkt # 127  Filed 10/31/11  Page 21 of 43

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    Judgment shall be and hereby is entered in favor of Plaintiff Dane S. Field, as bankruptcy trustee of the Mortgage Store and against George Lindell in the principal amount of FIVE MILLION AND 00/100 DOLLARS ($5,000,000.00) (the "Lindell Judgment").

2.    In any subsequent bankruptcy filing in which George Lindell is a debtor, the Lindell Judgment shall NOT be discharged, and is nondischargeable pursuant to 11 U.S.C. § 523(a)(4), since it arose from a debt for fraud and/or defalcation incurred by George Lindell, while he acted in a fiduciary capacity with respect to the Mortgage Store.

3.    Interest shall accrue on the Lindell Judgment at the legal rate on federal judgments from and after the date of the Lindell Judgment until the same is fully paid.

4.    There is no just reason for delay and the Court expressly directs that this Lindell Judgment shall be entered forthwith as, and shall constitute, a final judgment pursuant to Federal Rule of Bankruptcy Procedure 7054(a) and Federal Rule of Civil Procedure 54(b).

U.S. Bankruptcy Court - Hawaii   #10-90146   Dkt # 127   Filed 10/31/11   Page 22 of 43

APPROVED AND SO STIPULATED:


_____

GEORGE W. LINDELL


WITH APPROVAL AS TO FORM BY:


_____

JAMES A. WAGNER, ESQ.
ALLISON A. ITO, ESQ.
Attorneys for Defendants George W. Lindell
and Karen K. Lindell

Dane S. Field v. George W. Lindell, et al., Adversary Proceeding No. 10-90146, United States
Bankruptcy Court for the District of Hawaii; STIPULATED NON-DISCHARGEABLE
JUDGMENT IN FAVOR OF PLAINTIFF DANE S. FIELD AND AGAINST DEFENDANT
GEORGE W. LINDELL

# EXHIBIT "B"

Stipulated Non-Dischargeable Judgment in
Favor of Plaintiff Dane S. Field and Against
Defendant Holly L. Hoaeae

31356.doc

KLEVANSKY PIPER, LLP
A Limited Liability Law Partnership

SIMON KLEVANSKY     3217-0
ALIKA L. PIPER     6949-0
NICOLE D. STUCKI     9151-0
841 Bishop Street, Suite 1707
Honolulu, Hawaii 96813
Telephone: (808) 536-0200
Facsimile: (808) 237-5757
E-Mail: sklevansky@kplawhawaii.com;
       apiper@kplawhawaii.com;
       nstucki@kplawhawaii.com

Attorneys for Trustee DANE S. FIELD

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>THE MORTGAGE STORE, INC.,<br><br>    Debtor. | Case No. 10-03454<br>(Chapter 7) |
| DANE S. FIELD,<br><br>    Plaintiff,<br><br>    v.<br><br>HOLLY L. HOAEAE; KAMAKANA K. HOAEAE; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE | Adversary Proceeding No. 11-90028<br><br>**STIPULATED NON-DISCHARGEABLE JUDGMENT IN FAVOR OF PLAINTIFF DANE S. FIELD AND AGAINST DEFENDANT HOLLY L. HOAEAE** |

31141.doc

U.S. Bankruptcy Court - Hawaii  #10-90146  Dkt # 127  Filed 10/31/11  Page 25 of 43

ENTITIES 1-50; and DOE
GOVERNMENTAL ENTITIES 1-50,

Defendants.

## STIPULATED NON-DISCHARGEABLE JUDGMENT
## IN FAVOR OF PLAINTIFF DANE S. FIELD
## AND AGAINST DEFENDANT HOLLY L. HOAEAE

Pursuant to the Stipulation below of Defendant Holly L. Hoaeae

("Holly Hoaeae"), the Court finds and concludes that:

1.     While Holly Hoaeae was in control of the Mortgage Store, Inc.

(the "Mortgage Store"), Holly Hoaeae regularly caused the Mortgage Store to

transfer funds of the Mortgage Store to or for the benefit of Holly Hoaeae and

members of her family.

2.     These transfers were made with an actual intent to hinder, delay

or defraud creditors of the Mortgage Store.

3.     As a result, Holly Hoaeae incurred debt to the Mortgage Store

and its creditors by fraud and/or defalcation, while Holly Hoaeae was acting in a

fiduciary capacity with respect to the Mortgage Store.

4.     The transfers resulted in damages to the Mortgage Store in

excess of $1,000,000.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED

AND DECREED THAT:

31141.doc                              - 2 -

1.    Judgment shall be and hereby is entered in favor of Plaintiff Dane S. Field, as bankruptcy trustee of the Mortgage Store and against Holly Hoaeae in the principal amount of ONE MILLION AND 00/100 DOLLARS ($1,000,000.00) (the "Hoaeae Judgment").

2.    In any subsequent bankruptcy filing in which Holly Hoaeae is a debtor, the Hoaeae Judgment shall NOT be discharged, and is nondischargeable pursuant to 11 U.S.C. § 523(a)(4), since it arose from a debt for fraud and/or defalcation incurred by Holly Hoaeae, while she acted in a fiduciary capacity with respect to the Mortgage Store.

3.    Interest shall accrue on the Hoaeae Judgment at the legal rate on federal judgments from and after the date of the Hoaeae Judgment until the same is fully paid.

4.    There is no just reason for delay and the Court expressly directs that this Hoaeae Judgment shall be entered forthwith as, and shall constitute, a final judgment pursuant to Federal Rule of Bankruptcy Procedure 7054(a) and Federal Rule of Civil Procedure 54(b).

U.S. Bankruptcy Court - Hawaii   #10-90146   Dkt # 127   Filed  10/31/11   Page 27 of 43

APPROVED AND SO STIPULATED:


_____

HOLLY L. HOAEAE


WITH APPROVAL AS TO FORM BY:


_____

JAMES A. WAGNER, ESQ.
ALLISON A. ITO, ESQ.
Attorneys for Defendants Holly L. Hoaeae
and Kamakana Hoaeae

---

Dane S. Field v. Holly L. Hoaeae, et al., Adversary Proceeding No. 11-90028, United States
Bankruptcy Court for the District of Hawaii; STIPULATED NON-DISCHARGEABLE
JUDGMENT IN FAVOR OF PLAINTIFF DANE S. FIELD AND AGAINST DEFENDANT
HOLLY L. HOAEAE

31141.doc

# EXHIBIT "C"

[Limited] Warranty Deed
(Residential Property: TMK (2) 4-7-009-079)

31356.doc

| LAND COURT SYSTEM | REGULAR SYSTEM |

AFTER RECORDATION, RETURN BY:   MAIL ( )   PICK UP ( )

Simon Klevansky, Esq.
c/o Klevansky Piper, LLP
841 Bishop Street, Suite 1707
Honolulu, Hawaii 96813
Telephone: 536-0200

This document contains _____ pages.

TITLE OF DOCUMENT:

## WARRANTY DEED

PARTIES TO DOCUMENT:

Grantor:   **GEORGE WILLIAM LINDELL**
**KAREN KESSLER LINDELL**
Husband and wife

Grantee:   **DANE S. FIELD**, as bankruptcy trustee in the bankruptcy proceeding entitled In re The Mortgage Store, Inc., Bk. No. 10-03454, United States Bankruptcy Court for the District of Hawaii

Tax Map Key No:      (2) 4-7-009-079

30811.doc

<u>WARRANTY DEED</u>

THIS WARRANTY DEED is made this _____ day of _____,
2011, by GEORGE WILLIAM LINDELL and KAREN KESSLER LINDELL, husband and
wife, as Tenants by the Entirety, hereinafter collectively the "Grantors", in favor of DANE S.
FIELD, as bankruptcy trustee in the bankruptcy proceeding entitled <u>In re The Mortgage Store,</u>
<u>Inc.</u>, Bk. No. 10-03454, United States Bankruptcy Court for the District of Hawaii, whose
address is c/o Klevansky Piper, LLP, 841 Bishop Street, Suite 1707, Honolulu, Hawaii 96813,
herein called "Grantee";

<u>W I T N E S S E T H :</u>

In consideration of the sum of TEN DOLLARS ($10.00) and other valuable
consideration paid by the Grantee, the receipt and sufficiency whereof are hereby acknowledged,
Grantors do hereby grant, bargain, sell, transfer, assign, and convey unto the Grantee, his
successors and assigns, all of the following:

All of that certain real property more particularly described in
Exhibit "A" attached hereto and by this reference made a part
hereof, subject, however, to the encumbrances, exceptions,
restrictions, reservations and other matters, if any, set forth therein
or herein,

And the reversions, remainders, rents, issues and profits thereof, and all of the
estate, right, title and interest of Grantors, both at law and in equity, therein and thereto;

30811.doc

U.S. Bankruptcy Court - Hawaii  #10-90146  Dkt # 127  Filed 10/31/11  Page 31 of 43

TO HAVE AND TO HOLD the same, together with all buildings, improvements, rights, easements, privileges and appurtenances thereunto belonging or appertaining or held and enjoyed in connection therewith unto the Grantee, as aforesaid, in FEE SIMPLE, FOREVER.

AND, in consideration of the premises, Grantors do hereby covenant and agree with the Grantee that Grantors are lawfully seised of the property herein described in fee simple, that said property is free and clear of and from all liens and encumbrances, except as noted on Exhibit "A" and except for the lien of real property taxes not yet by law required to be paid and except as hereinabove or hereinafter mentioned, that Grantors have good right, power and authority to sell and convey said property, as aforesaid, and that Grantors will WARRANT AND DEFEND the same unto the Grantee against the lawful claims and demands of all persons whomsoever, except as mentioned hereinabove or hereinafter.

It is expressly agreed and intended that the property covered by these presents are being conveyed to Grantee subject to the mortgages and encumbrances set forth in Exhibit "A". It is not the intent of Grantors or Grantee that there be a merger of estates upon Grantee acquiring the property covered by these presents. There shall be no merger of estates, despite the owner of the fee simple property and the holder of any lesser estate (including any mortgage or encumbrance set forth in Exhibit "A") being the same person.

The terms "Grantors", "Grantee", or any pronoun in place thereof, as and when used hereinabove or hereinbelow, shall mean and include the masculine or feminine, the singular or plural number, individuals, trustees, partnerships, limited partnerships, corporations, limited liability partnerships, limited liability companies, other legal entities, and their and each of their respective heirs, devisees, personal representatives, successors and assigns. The words "herein described" mean described in this deed.

30811.doc

- 3 -

IN WITNESS WHEREOF, Grantors have executed these presents on the date first above-written.

_____
GEORGE WILLIAM LINDELL

_____
KAREN KESSLER LINDELL

"Grantor"

U.S. Bankruptcy Court - Hawaii  #10-90146  Dkt # 127  Filed  10/31/11  Page 33 of 43

STATE OF _____ )
                              )   SS.
COUNTY OF _____ )

On this _____ day of _____, 2011, before me personally appeared GEORGE WILLIAM LINDELL, to me personally known, who, being by me duly sworn or affirmed, did say that such person executed the foregoing instrument as the free act and deed of such person, and if applicable in the capacity shown, having been duly authorized to execute such instrument in such capacity.

NOTARY STAMP OR SEAL

_____
Signature

_____
Name (typed or printed)
Notary Public, State of _____
My commission expires:

---

Doc. Date: _____     # Pages: _____

Doc. Description: WARRANTY DEED

_____     Date: _____
Notary Signature

Print Name: _____

Notary Public, _____ Judicial Circuit

Notary Stamp or Seal

N O T A R Y   C E R T I F I C A T I O N

---

U.S. Bankruptcy Court - Hawaii  #10-90146  Dkt # 127  Filed  10/31/11  Page 34 of 43

STATE OF _____ )
                              )     SS.
COUNTY OF _____ )

On this _____ day of _____, 2011, before me personally appeared KAREN KESSLER LINDELL, to me personally known, who, being by me duly sworn or affirmed, did say that such person executed the foregoing instrument as the free act and deed of such person, and if applicable in the capacity shown, having been duly authorized to execute such instrument in such capacity.

NOTARY STAMP OR SEAL              _____
                                 Signature

                                 _____
                                 Name (typed or printed)
                                 Notary Public, State of _____
                                 My commission expires:

Doc. Date: _____        # Pages: _____

Doc. Description: WARRANTY DEED

_____     Date: _____
Notary Signature

Print Name: _____

Notary Public, _____ Judicial Circuit

                                        Notary Stamp or Seal

            N O T A R Y   C E R T I F I C A T I O N

30811.doc                  - 6 -

<u>EXHIBIT "A"</u>

-FIRST:-

Apartment No. B of the Condominium Project known as "D. G. CONDOMINIUM", as established by Declaration of Condominium Property Regime dated November 29, 2006, recorded in the Bureau of Conveyances of the State of Hawaii as Document No. 2007-016731, and as shown on Condominium File Plan No. 4372, and any amendments thereto.

Together with appurtenant easements as follows:

(a)     Non-exclusive easements in the common elements designed for such purposes for ingress to, egress from, utility services for and support of said Apartment; in the other common elements for use according to their respective purposes.

(b)     Exclusive easements to use other limited common elements appurtenant thereto designated for its exclusive use by the Declaration.

-SECOND:-

An undivided 50% interest in all common elements of the Project and in the land on which said Project is located as established for said Apartment by the Declaration or such other interest as hereinafter established for said Apartment by any amendment of the Declaration, as Tenant in Common with the other owners and tenants thereof.

The land upon which said Condominium Project "D. G. CONDOMINIUM" is located is described as follows:

All of that certain parcel of land (being portion(s) of land(s) described in and covered by Royal Patent Number 1358, Land Commission Award Number 82 to Thomas Phillips) situate, lying and being at Launiupoko, Lahaina, Island and County of Maui, State of Hawaii, being LOT 34, of the "MAHANALUA NUI SUBDIVISION, PHASE IV", being a portion of Lot 33 of Mahanalua Nui Subdivision, Phase I, containing an area of 124,278 square feet or 2.843 acres, more or less.

Together with non-exclusive, perpetual easements for vehicular and pedestrian access and for the maintenance, operation, repair, and replacement of an access roadway, wires and lines for electricity, telephone, cable TV and other utilities and other landscaping purposes over (a) Kai Hele Ku Street (Lot B-2), more particularly described by Non-Exclusive, Perpetual Easement for Roadway purposes Kai Hele Ku made by Launiupoko Associates LLC., dated June 14, 1999, Recorded as Document No. 99-102456, and (b) all other roads in Mahanalua Nui Subdivision Phases 1, 2, & 3 as more particularly described in the declaration of Non-Exclusive Perpetual Easements for Roadway Purposes (Road within Mahanalua Nui Subdivision Phases 1 & 2 dated July 1, 1999, recorded as Document No. 99-107599, as amended, which documents are incorporated by reference herein; provided, however, that if and when any such road shall be

U.S. Bankruptcy Court - Hawaii  #10-90146  Dkt # 127  Filed 10/31/11  Page 36 of 43

conveyed to or acquired by any governmental authority as a public highway, then all private easement rights granted hereby in said road lots shall automatically terminate.

Together also with the membership in the Mahanalua Nui Homeowners Association, Inc., and all rights, easements and use of common areas appurtenant to the property conveyed herein, as set forth in the Amended and Restated Declaration of Covenants, Conditions and Restrictions for the Mahanalua Nui Subdivision at Launiupoko dated July 13, 1999, recorded as Document No. 99-114891, as amended.

Said premises being more particularly described in Declaration of Condominium Property Regime dated November 29, 2006, recorded in said Bureau of Conveyances as Document No. 2007-016731, and any amendments thereto.

BEING THE PREMISES ACQUIRED BY APARTMENT DEED

GRANTOR     :   GEORGE WILLIAM LINDELL and KAREN KESSLER LINDELL, husband and wife, and DAVID ALLEN PARKER and VELMA L. PARKER, husband and wife

GRANTEE     :   GEORGE WILLIAM LINDELL and KAREN KESSLER LINDELL, husband and wife, as Tenants by the Entirety

DATED         :   May 2, 2008
RECORDED :   Document No. 2008-073511


SUBJECT, HOWEVER, to the following:

1.     Real Property Taxes, if any, that may be due and owing.
        Tax Key:     (2) 4-7-009-079      C.P.R. No. 0002      Apt. No. B

2.     Mineral and water rights of any nature in favor of the State of Hawaii.

3.     Free flowage of Launiupoko Stream, as shown on Tax Map (2) 4-7-001.

4.     LEASE

        TO              :   MAUI ELECTRIC COMPANY, LIMITED and GTE HAWAIIAN TELEPHONE COMPANY INCORPORATED, now known as HAWAIIAN TELCOM, INC.

        DATED        :   October 13, 1967
        RECORDED :   Liber 5893 Page 226
        GRANTING  :   rights-of-way, each twenty-five (25) feet in width, to build, construct, reconstruct, rebuild, repair, maintain and operate

30811.doc

- 8 -

pole and wire lines, etc., as may be necessary for the transmission of electricity

5. The terms and provisions contained in the following:

INSTRUMENT : SUBDIVISION AGREEMENT (AGRICULTURAL USE)

| | | |
|---|---|---|
| DATED | : | June 18, 1992 |
| RECORDED | : | Document No. 92-103494 |
| PARTIES | : | PIONEER MILL COMPANY, LIMITED, and the COUNTY OF MAUI, through its Department of Public Works, a body politic and corporate, and a political subdivision of the State of Hawaii |

6. The terms and provisions contained in the following:

INSTRUMENT : PRIVATE WATER SYSTEM AGREEMENT

| | | |
|---|---|---|
| DATED | : | September 29, 1992 |
| RECORDED | : | Document No. 92-164418 |
| PARTIES | : | PIONEER MILL COMPANY, LIMITED, and the DEPARTMENT OF WATER SUPPLY of the County of Maui |

7. The terms and provisions contained in the following:

INSTRUMENT : DECLARATION OF COVENANTS, RESERVATIONS AND RESTRICTIONS

| | | |
|---|---|---|
| DATED | : | November 28, 1997 |
| RECORDED | : | Document No. 97-166433 |

The foregoing includes, but is not limited to, matters relating to reservations in favor of Pioneer Mill Company, Limited, a Hawaii corporation, said reservations being more particularly described therein.

By ASSIGNMENT AND ASSUMPTION AGREEMENT dated January 16, 2001, recorded as Document No. 2001-006061, PIONEER MILL COMPANY, LIMITED, a Hawaii corporation, assigns to AMFAC/JMB HAWAII, L.L.C., a Hawaii limited liability company and MAKILA LAND CO., LLC, a Hawaii limited liability company, all of its rights, interests and obligations under the foregoing Declaration.

8. The terms and provisions contained in the following:

INSTRUMENT : DEED AND RESERVATION OF RIGHTS

U.S. Bankruptcy Court - Hawaii  #10-90146  Dkt # 127  Filed 10/31/11  Page 38 of 43

```
DATED        :    November 28, 1997
RECORDED     :    Document No. 97-166434
```

9.    The terms and provisions contained in the following:

INSTRUMENT : DECLARATION OF RESTRICTIVE COVENANTS

```
DATED        :    November 25, 1998
RECORDED     :    Document No. 98-186637
```

Said Declaration was amended by instrument dated November 9, 2004, recorded as Document No. 2004-231124.

10.    The terms and provisions contained in the following:

```
INSTRUMENT :       SUBDIVISION AGREEMENT (AGRICULTURAL USE)

DATED        :    April 8, 1999
RECORDED     :    Document No. 99-071686
PARTIES      :    LAUNIUPOKO ASSOCIATES, LLC, a Hawaii limited
                  liability company, and the COUNTY OF MAUI, through
                  its Department of Public Works and Waste Management, a
                  body politic and corporate, and a political subdivision of
                  the State of Hawaii
```

11.    The terms and provisions contained in the following:

```
INSTRUMENT :       SUBDIVISION AGREEMENT (AGRICULTURAL USE)

DATED        :    April 8, 1999
RECORDED     :    Document No. 99-071687
PARTIES      :    LAUNIUPOKO ASSOCIATES, LLC, a Hawaii limited
                  liability company, and the COUNTY OF MAUI, through
                  its Department of Public Works and Waste Management, a
                  body politic and corporate, and a political subdivision of
                  the State of Hawaii
```

12.    GRANT OF EASEMENT in favor of MAUI ELECTRIC COMPANY, LIMITED and GTE HAWAIIAN TELEPHONE COMPANY INCORPORATED, now known as HAWAIIAN TELCOM, INC., dated May 25, 1999, recorded as Document No. 99-101191; re: a perpetual right and easement for utility purposes.

13.    The terms and provisions contained in the following:

30811.doc                                    - 10 -

INSTRUMENT : AMENDED AND RESTATED DECLARATION OF
COVENANTS, CONDITIONS AND RESTRICTIONS
FOR THE MAHANALUA NUI SUBDIVISION AT
LAUNIUPOKO

DATED : July 13, 1999
RECORDED : Document No. 99-114891

The foregoing Amended and Restated Declaration restates the original
Declaration dated June 1, 1999, recorded as Document No. 99-102455, and any
amendments thereto.

Said Amended and Restated Declaration was amended by instruments dated
February 25, 2003, recorded as Document No. 2003-038050, dated November 9,
2004, recorded as Document No. 2004-231124, and dated March 16, 2005,
recorded as Document No. 2005-060479.

14.    The terms and provisions contained in the following:

INSTRUMENT : WARRANTY DEED

DATED : September 14, 1999
RECORDED : Document No. 99-151174

15.    The terms and provisions contained in the following:

INSTRUMENT : AGREEMENT FOR RESERVATION OF FUTURE
SUBDIVISION RIGHTS

DATED : September 17, 1999
RECORDED : Document No. 99-152675
PARTIES : ROBERT STEVENS HARVEY and MELINDA LEI
KAHAKAUWILA, husband and wife, "Buyer", and
LAUNIUPOKO ASSOCIATES LLC, a Hawaii limited
liability company, "Seller"

16.    The terms and provisions contained in the following:

INSTRUMENT : AGREEMENT FOR ALLOCATION OF FUTURE
SUBDIVISION POTENTIAL

DATED : October 23, 2002
RECORDED : Document No. 2002-200710
PARTIES : ROBERT STEVENS HARVEY and MELINDA LEI
KAHAKAUWILA, husband and wife, "Owner'", and
COUNTY OF MAUI, through its Department of Public

U.S. Bankruptcy Court - Hawaii   #10-90146   Dkt # 127   Filed 10/31/11   Page 40 of 43

Works and Waste Management, a political subdivision of
the State of Hawaii, "County"

17.   The terms and provisions contained in the following:

INSTRUMENT :   SUBDIVISION AGREEMENT (AGRICULTURAL USE)

DATED      :   April 30, 2003
RECORDED   :   Document No. 2003-090524
PARTIES    :   LAUNIUPOKO ASSOCIATES, LLC, a Hawaii limited
               liability company, "Owner", and the COUNTY OF MAUI,
               through its Department of Public Works and Environmental
               Management, a body politic and corporate, and a political
               subdivision of the State of Hawaii

18.   The terms and provisions contained in the following:

INSTRUMENT :   SUBDIVISION AGREEMENT (AGRICULTURAL USE)

DATED      :   --- (acknowledged March 4, 2004 and May 28, 2004)
RECORDED   :   Document No. 2004-113873
PARTIES    :   LAUNIUPOKO ASSOCIATES LLC, a Hawaii limited
               liability company, "Owner", and the COUNTY OF MAUI,
               through its Department of Planning, a body politic and
               corporate, and a political subdivision of the State of Hawaii

19.   The terms and provisions contained in the following:

INSTRUMENT :   AMENDED AND RESTATED AGREEMENT FOR
               ALLOCATION OF FUTURE SUBDIVISION
               POTENTIAL

DATED      :   June 7, 2004
RECORDED   :   Document No. 2004-121416
PARTIES    :   LAUNIUPOKO ASSOCIATES, LLC, a Hawaii limited
               liability company, ROBERT STEVENS HARVEY and
               MELINDA LEI KAHAKAUWILA, husband and wife,
               "Subdivider", and COUNTY OF MAUI, through its
               Department of Public Works and Environmental
               Management, a political subdivision of the State of Hawaii,
               "County"

Said above Amended and Restated Agreement amends and supercedes, in its
entirety, the Agreement for Allocation of Future Subdivision Potential dated April
30, 2003, recorded as Document No. 2003-090523.

U.S. Bankruptcy Court - Hawaii  #10-90146  Dkt # 127  Filed 10/31/11  Page 41 of 43

20. The terms and provisions contained in the following:

INSTRUMENT : SUPPLEMENTAL DECLARATION OF COVENANTS,
CONDITIONS AND RESTRICTIONS FOR
MAHANALUA NUI SUBDIVISION AT LAUNIUPOKO,
PHASE IV

DATED : November 9, 2004
RECORDED : Document No. 2004-231123

21. The terms and provisions contained in the following:

INSTRUMENT : WARRANTY DEED

DATED : May 12, 2005
RECORDED : Document No. 2005-101486

22. The terms and provisions contained in the following:

INSTRUMENT : UNILATERAL AGREEMENT AND DECLARATION
FOR CONSTRUCTION OF A FARM DWELLING ON
LANDS ZONED COUNTY AGRICULTURAL
DISTRICT OR DESIGNATED STATE
AGRICULTURAL DISTRICT

DATED : August 30, 2006
RECORDED : Document No. 2006-194849

23. The terms and provisions contained in the following:

INSTRUMENT : DECLARATION OF CONDOMINIUM PROPERTY
REGIME FOR "D. G. CONDOMINIUM"
CONDOMINIUM PROJECT

DATED : November 29, 2006
RECORDED : Document No. 2007-016731
MAP : 4372 and any amendments thereto

24. The terms and provisions contained in the following:

INSTRUMENT : BY-LAWS OF THE ASSOCIATION OF UNIT OWNERS

DATED : --- (acknowledged November 29, 2006)
RECORDED : Document No. 2007-016732

U.S. Bankruptcy Court - Hawaii  #10-90146  Dkt # 127  Filed 10/31/11  Page 42 of 43

25.    MORTGAGE

       LOAN/ACCOUNT NO. 2262738

       MORTGAGOR :    GEORGE WILLIAM LINDELL and KAREN KESSLER
                      LINDELL, husband and wife

       MORTGAGEE :    BANK OF HAWAII, a Hawaii corporation

       DATED      :   May 2, 2008
       RECORDED   :   Document No. 2008-073512
       AMOUNT     :   $1,000,000.00

26.    MORTGAGE

       LOAN/ACCOUNT NO. 00090669873/1

       MORTGAGOR :    GEORGE WILLIAM LINDELL and KAREN KESSLER
                      LINDELL, husband and wife

       MORTGAGEE :    BANK OF HAWAII, a Hawaii corporation

       DATED      :   August 19, 2008
       RECORDED   :   Document No. 2008-134262
       AMOUNT     :   Revolving Line of Credit Agreement, up to a maximum
                      amount of $500,000.00


**END OF EXHIBIT "A"**

U.S. Bankruptcy Court - Hawaii   #10-90146   Dkt # 127   Filed  10/31/11   Page 43 of 43